CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN F. HERNANDEZ, on behalf of himself,
and other similarly situated employees,

                Plaintiff,

-against-

FRUITS, PROD. & GROC. CORP. d/b/a
ASSOCIATED SUPERMARKET,
PABLO ESPINAL, and
GLADYS M. ESPINAL,

                Defendants.

Case No.   17 Civ. 120

**COMPLAINT**
**FLSA ACTION**

**ECF Case**

---

Plaintiff JUAN F. HERNANDEZ (hereinafter, "Plaintiff"), on behalf of himself
and other similarly situated employees, by and through his undersigned attorneys, Cilenti
& Cooper, PLLC, files this Complaint against Defendants, Fruits, Prod. & Groc. Corp.
d/b/a Associated Supermarket ("Associated"), Pablo Espinal, and Gladys M. Espinal.
(collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as
amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the
Defendants: (1) unpaid minimum wages and overtime compensation; (2) liquidated
damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages and overtime compensation; (2) liquidated damages and statutory penalties; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5.      Plaintiff is a resident of Bronx County, New York.

6.      Defendant, Fruits, Prod. & Gros. Corp. dba Associated Supermarket, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 1334 Louis Nine Boulevard, Bronx, New York 10459.

7.      Defendants, Pablo Espinal and Gladys M. Espinal, are owners, officers, directors, managers, and proprietors of Associated, who actively participated and continue to actively participate in the day-to-day operations of Associated, and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with Associated.

8.     Upon information and belief, defendants, Pablo Espinal and Gladys M. Espinal, are husband and wife, respectively.

9.     Defendants Pablo Espinal and Gladys M. Espinal, together, exercised control over the terms and conditions of Plaintiff's employment in that they have and have had the power to: (i) hire and fire employees; (ii) determine and approve rates and methods of pay; (iii) determine and approve work schedules; (iv) supervise and control the work of the employees, including Plaintiff; and (v) otherwise affect the quality of the employees' employment.

10.    At all relevant times, Associated was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11.    Defendants employed Plaintiff in Bronx County, New York, to work as a non-exempt stock person and butcher in the meat department for Defendants' supermarket from on or about June 28, 2014 until on or about December 24, 2016.

12.    The work performed by Plaintiff was directly essential to the business operated by Defendants.

13.    At all relevant times, Defendants employed Plaintiff and other similarly situated employees within the meaning of the FLSA.

14.     At all relevant times, Defendants failed to pay Plaintiff lawfully earned wages, minimum wages, and overtime compensation in contravention of the FLSA and New York Labor Law.

15.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

16.     Defendants Pablo Espinal and Gladys M. Espinal are typically present at Associated on a daily basis, and actively participate in the day-to-day operation of Associated.

17      Defendant Pablo Espinal personally supervised and directed the work of the employees, including Plaintiff.

18.     In or around June 2014, Plaintiff was hired to work as a non-exempt employee in the meat department of Defendants' supermarket.

19.     Plaintiff worked for the Defendants in such capacity until on or about December 24, 2016, at which time his employment terminated.

20.     During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

21.     Plaintiff worked six (6) days a week, and his work shift consisted of nine (9) hours per day, from 11:00 a.m. until 8:00 p.m. on weekdays; 9:00 a.m. until 6:00 p.m. on Saturdays; and 8:00 a.m. until 3:00 p.m. on Sundays. Plaintiff normally worked approximately fifty-two (52) hours each week.

22.     During the entirety of Plaintiff's employment, he was not paid proper overtime compensation.  From 2014 through approximately October 2016, Plaintiff was

4

paid, in cash, $400.00 per week for all hours worked, and he worked approximately fifty-two (52) hours per week. Plaintiff was not paid any wages for work performed above forty (40) hours per week; he was not paid at time and one-half his regular rate of pay as required by state and federal law.

23.    In or around October 2016, Plaintiff was given a raise and was paid, in cash, $450.00 per week for all hours worked, and he continued to work approximately fifty-two (52) hours per week. Plaintiff was not paid any wages for work performed above forty (40) hours per week; he was not paid at time and one-half his regular rate of pay as required by state and federal law.

24.    Plaintiff was not paid at time and one-half his regular rate of pay as required by state and federal law.

25.    Defendants Pablo Espinal and Gladys M. Espinal set Plaintiff's hours and pay, and each understood and approved the methodology by which Plaintiff's wages were paid.

26.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27.    At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since January 2014 to the entry of judgment in this case (the "Collective Action Period"), and who failed to receive minimum wages or overtime compensation at the rate of time and one-half for all hours worked in excess of forty (40) per week (the "Collective Action Members").

29.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

30.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

31.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a

6

practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

32.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

33.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

        a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

        b.     Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

        c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

        d.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in violation of the FLSA;

e.     Whether the Defendants unlawfully failed to pay Plaintiff and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

f.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

34.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

35.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

36.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8

38.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

39.     At all relevant times, Associated had gross revenues in excess of $500,000.

40.     Defendants failed to pay Plaintiff and the Collective Action Members wages for all hours worked.

41.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

42.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

45.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

46.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

47.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid wages and minimum wages, and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

48.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

49.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

51.     Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay him wages for all hours worked.

52.     Defendants knowingly and willfully violated the rights of Plaintiff and others similarly situated, by failing to pay them overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

53.     Defendants failed to furnish Plaintiff with a statement with every payment of wages accurately listing gross wages, deductions, and net wages, in contravention of

10

New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

54.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

55.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

56.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid wages, unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

57.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

58.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "57" of this Complaint as if fully set forth herein.

59.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

60.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

61.     Plaintiff and the Collective Action Members, were not provided with a wage statement as required by law.

62.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Juan F. Hernandez, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Wage Theft Prevention Act;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

12

(f)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       January 8, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102

By:  _____
         Peter H. Cooper (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Juan Hernandez_ , am an employee currently or

formerly employed by _Associated Supermarket_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 6_ , 2016

_Juan Hdez._