EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN F. HERNANDEZ, on behalf of himself, and other similarly situated employees, | Case No. 17 Civ. 120 (RA) |
| Plaintiff, | |
| -against- | SETTLEMENT AGREEMENT |
| FRUITS, PROD. & GROC. CORP. d/b/a ASSOCIATED SUPERMARKET, PABLO ESPINAL, and GLADYS M. ESPINAL, | |
| Defendants. | |

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into between Juan F. Hernandez (herein referred to as "Plaintiff") and Fruit Prod and Groc Corp. d/b/a Associated Supermarket (the "Companies"), Pablo Espinal and Gladys M. Espinal (the "Individual Defendants"), located at 1334 Louis Nine Boulevard, Bronx, New York 10459, (herein collectively referred to as "Defendants"). The Companies, together with their past, present and future parent organizations, subsidiaries, affiliated entities, related companies and divisions and each of their respective past, present and future officers, directors, employees, shareholders, trustees, members, partners, proprietors, employee benefit plans (and such plans' fiduciaries, agents, administrators and insurers), attorneys, insurers, and agents (individually and in their official capacities), the Individual Defendants, as well as any predecessors, future successors or assigns or estates of any of the foregoing are collectively referred to as the "Released Parties."

WHEREAS, Plaintiff filed a Complaint against the Defendants in the matter captioned *Juan F. Hernandez v. Fruits. Prod. & Groc. Corp. dba Associated Supermarket, Pablo Espinal, and Gladys M. Espinal*, Civil Action No. 17-cv-120, currently pending in the United States District Court for the Southern District of New York (the "Litigation"); and

WHEREAS, Plaintiff alleged in the Complaint, *inter alia,* that the Defendants failed to pay Plaintiff the minimum wage, overtime pay, and spread of hours pay required under federal and New York wage and hour laws, among other allegations.

WHEREAS, the Defendants deny any wrongdoing and deny all allegations in the Litigation, and the Defendants also asserted various affirmative defenses to the allegations in the Litigation; and

WHEREAS, the Defendants and the Plaintiff hereto have agreed to finally and fully settle all claims that were or could have been asserted against each other in the Litigation or otherwise upon the terms and conditions set forth herein; and

1

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, it is agreed as follows:

**Plaintiff's Release of the Released Parties.** In consideration for the payments provided for in this Agreement, plaintiff hereby irrevocably and unconditionally waives, releases and forever discharges defendants and all of their related and/or affiliated companies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as any and all associated attorneys' fees and costs.

1.   <u>Representations; Covenant Not to Sue by Plaintiff.</u>   Plaintiff hereby represents and warrants that with the exception of the Litigation, (A) Plaintiff has not filed, caused or permitted to be filed any pending proceeding against any of the Released Parties, nor has Plaintiff agreed to do any of the foregoing, (B) Plaintiff has not assigned, transferred, sold, encumbered, pledged, hypothecated, mortgaged, distributed, or otherwise disposed of or conveyed to any third party any right or Claim against any of the Released Parties that has been released in this Agreement, and (C) Plaintiff has not directly or indirectly assisted any third party in filing, causing or assisting to be filed, any Claim against any of the Released Parties. Plaintiff further represents and warrants that, once paid all the consideration set forth in this Agreement, he has been fully paid any and all wages due (including, but not limited to, any overtime pay, spread of hours pay, liquidated damages, interest, penalties, costs, and attorney's fees) for hours Plaintiff worked for any of the Defendants. Except as set forth in Section 9 below, Plaintiff covenants and agrees that Plaintiff shall not encourage or solicit or voluntarily assist or participate in any way in the filing, reporting or prosecution by them or any third party of a proceeding or Claim against any of the Released Parties, including, but not limited to any potential class action claims that may be filed on behalf of any purported class to which Plaintiff is a member as a result of Plaintiff's employment with any of the Defendants.

I.   Payments. In consideration for Plaintiff signing this Agreement and compliance with its terms, the Defendants agree to pay Plaintiff and his counsel the aggregate amount of $22,000.00, payable as follows: within eight (8) days after the District Court's approval of this agreement, and monthly thereafter for a total of six (6) separate, equal installments, as follows:

  i.   one check payable to Juan F. Hernandez, in the amount of one thousand one hundred sixty-six dollars and sixty-six cents ($1,166.66), less applicable taxes and withholdings, as compensation for plaintiff's alleged unpaid overtime and back wages, which shall be reported on and for which defendants shall issue Mr. Hernandez a W-2;

  ii.   One check payable to Juan F. Hernandez, in the amount of one thousand two hundred dollars ($1,200), which shall represent liquidated damages

2

and other statutory penalties / interest, and which shall be reported on a form 1099.

   iii.  One check payable to the law firm of Cilenti & Cooper, PLLC, as attorneys, in the amount of one thousand three hundred dollars ($1,300.00), representing attorneys fees, for which defendants shall issue a form 1099;

Defendants reserve the right to accelerate the above payments and/or make full payment earlier than required.

All payments shall be delivered to the offices of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, on or before the date each payment is due.

Plaintiff acknowledges and agrees that the payments in this Section 3 are in Full and Final settlement and satisfaction of the claims asserted asserted in the Litigation and the Defendants' obligations under any compensation, deferred compensation or similar agreements or arrangements and all amounts otherwise due, if any, on account of Plaintiff's employment with any of the Defendants. Plaintiff acknowledges that Plaintiff is not otherwise entitled to receive these payments, which exceed anything of value to which Plaintiff is otherwise entitled from the Defendants, if anything, and acknowledges that nothing in this Agreement shall be deemed to be an admission of liability on the part of any of the Defendants. Plaintiff agrees that Plaintiff will not seek anything further from any of the Defendants.

   2.  <u>Tax Liability</u>. Plaintiff acknowledges and agrees that he has not relied upon the advice of any of the Defendants, or any of the Defendants' attorneys, regarding the taxability of the amounts to be paid under this Agreement. Plaintiff further agrees that to the extent that any federal or state taxes of any kind may be due or payable as a result of the payments referred to in Section 3 above, Plaintiff will be responsible for the payment of any and all such taxes. It is understood and agreed that Defendants shall report such payments to the appropriate state and federal taxing authorities. Defendants and Plaintiff shall work in good faith together to respond to any and all tax authority inquiries or requests, and shall provide prompt and timely notice to each other of any such inquiries regarding the payments set forth in paragraph 3.

   3.  <u>Dismissal of the Litigation</u>. Plaintiff agrees that they shall direct their counsel to sign and return to counsel for the Defendants the Stipulation of Dismissal With Prejudice attached hereto as Exhibit C. However, the Defendants agree that the Stipulation of Dismissal will be held in abeyance, and will not be filed with the Court until after Plaintiff's counsel has confirmed in writing their receipt of the first payment described in Section 3 herein. Plaintiff further agrees to instruct their counsel to take any and all other necessary steps to dismiss with prejudice and without costs and fees the Litigation. The District Court shall retain jurisdiction to enforce this agreement.

   4.  <u>Who Is Bound</u>. The Defendants and Plaintiff are bound by this Agreement. Anyone who succeeds to Plaintiff's rights and responsibilities, such as Plaintiff's spouse, heirs, executors of his estates, is bound and anyone who succeeds to the Defendants' rights and responsibilities, such as his successors and assigns, and executors of the Individual Defendants' estates, are also bound.

5.    Non-Disparagement; Confidentiality.

(A)    Plaintiff and Defendants agree not (i) to make, directly or indirectly, any false, negative, defamatory, or derogatory statements, remarks, references, allegations or claims, whether written or oral, concerning the other Party or Parties or (ii) to engage in actions that would denigrate or disparage the other Party or Parties unless, after reasonable notice has been provided to the other Party sufficient to enable the other Party to contest the disclosure, legal or governmental process compels Plaintiffs to give testimony that may be considered negative or derogatory, or if reasonably necessary to enforce this Agreement. Any truthful statements mady by Plaintiff regarding his experience litigating this case is specifically excuded from the terms of this provision. For the avoidance of doubt and for the purposes of this Section 7(A), any written statements include postings or other communications made on the Internet, including but not limited to Facebook, Twitter, Myspace, Wechat blogs, Instagram, or any other form of social media. The parties further agree that they shall promptly remove or delete or cause to remove or delete any written disparaging statements already made, posted, or published on the Internet, including but not limited to any social media outlet.

6.    Remedies.    If Plaintiff materially breaches any term or condition of this Agreement, or if any material representation made by any Party in this Agreement was knowingly false when made, it shall constitute a material breach of this Agreement and upon the finding of such breach by a Court of competent jurisdiction, in addition to and not instead of the other remedies at law or in equity, in the event that Plaintiff materially breaches, Defendants shall be allowed to cease all future payments. For the avoidance of doubt, any breach by any Plaintiff of Sections 1, 2, or 7 of this Agreement shall constitute a material breach for purposes of this Section. Plaintiff agrees that if any Party to this Agreement is in breach, this Agreement shall continue to be binding on all Parties and the Parties shall be entitled to enforce the provisions of this Agreement. Further, if any party to this Agreement brings an action to enforce the terms of this Agreement, or for any material breach of this Agreement, the prevailing party in any such action shall be awarded its reasonable attorneys' fees and costs.

7.    Notice.    Any and all notices or any other communications provided for herein shall be given in writing and shall be effective upon delivery as evidenced by a receipt executed by or for the party to whom such notice or any other communication provided for herein is addressed; which delivery shall occur upon facsimile transmission, as evidenced by such facsimile transmission verification report or upon email delivery. Notices shall be given to the following:

As to Plaintiff:    Peter H. Cooper, Esq.
Cilenti & Cooper, PLLC
708 Third Avenue
6th Floor
New York, New York 10017
Tel: 212-209-3933
Email: pcooper@jcpclaw.com

As to Defendants:    Steven B. Horowitz, Esq.
Horowitz Law Group, LLC
49 Route 202

4

P.O. Box 13
Far Hills New Jersey 07931
Telephone:       (973) 789-8300 Ext. 2
Facsimile:       (973) 789-8345
Email:    sborowitz@horowitzlawgroup.com

The parties shall provide notice, in writing, of any changes to the aforesaid notice addresses.

7.      **Penalty and Attorneys fees for Breach.**  If it is determined by a court of law that any party breached this agreement, then the party in breach shall pay liquidated damages in the amount of three thousand dollars ($3,000.00) per instance. The prevailing party shall also recover reasonable attorneys' fees in any action to enforce this agreement or for Penalties pursuant to this paragraph. The District Court shall have exclusive jurisdiction to resolve any dispute arising out of the interpretation or enforcement of this agreement.

8.      <u>Insufficient Funds</u>      There shall be a fifty dollar ($50.00) fee for any draft returned for insufficient funds.

9.      <u>Construction of Agreement</u>.  In the event that one or more of the provisions contained in this Agreement shall for any reason be held unenforceable in any respect under the law of any state of the United States or the United States, such unenforceability shall not affect any other provision of this Agreement, but this Agreement shall then be construed as if such unenforceable provision or provisions had never been contained herein.  If it is ever held that any restriction hereunder is too broad to permit enforcement of such restriction to its fullest extent, such restriction shall be enforced to the maximum extent permitted by applicable law.  This Agreement and any and all matters arising directly or indirectly herefrom shall be governed under the laws of the State of New York without reference to choice of law rules.  The Defendants and Plaintiff consent to the sole jurisdiction of the U.S. District Court for the Southern District of New York.  **THE DEFENDANTS AND PLAINTIFF HEREBY WAIVE THEIR RESPECTIVE RIGHT TO TRIAL BY JURY IN ANY ACTION CONCERNING THIS AGREEMENT OR ANY AND ALL MATTERS ARISING DIRECTLY OR INDIRECTLY HEREFROM AND REPRESENT THAT THEY HAVE CONSULTED WITH COUNSEL OF THEIR CHOICE OR HAVE CHOSEN VOLUNTARILY NOT TO DO SO SPECIFICALLY WITH RESPECT TO THIS WAIVER.**

In the event the Magistrate Judge or the Judge assigned to this case No. 17-cv-120 denies to enforce this Agreement, the Parties agree to resume negotiations to conclude an "agreement acceptable to the parties and the Court".

10.     <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on all of the Parties, notwithstanding that all of the Parties may not be a signatory to the same counterpart.  This Agreement may be executed by facsimile or email transmittal and such signatures shall be binding and deemed original for purposes of enforcing this Agreement.

11. <u>Acknowledgments</u>. The Defendants and Plaintiff acknowledge and agree that:

5

a.      By entering into this Agreement, Plaintiff does not waive any rights or Claims that may arise after the date that the Parties execute this Agreement, including, but not limited to, the right to enforce the terms of this Agreement;

b.      This Agreement shall not affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "EEOC") or similar federal or state agency to enforce the ADEA and other laws, and further acknowledge and agree that this Agreement shall not be used to justify interfering with Plaintiff's protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or similar federal or state agency. Accordingly, nothing in this Agreement shall preclude Plaintiffs from filing a charge with, or participating in any manner in an investigation, hearing or proceeding conducted by the EEOC or similar federal or state agency, but Plaintiff hereby waives any and all rights to recover under, or by virtue of, any such investigation, hearing or proceeding; and

c.      Notwithstanding anything set forth in this Agreement to the contrary, nothing in this Agreement shall affect or be used to interfere with Plaintiff's protected right to test in any court, under the Older Workers' Benefit Protection Act, or like statute or regulation, the validity of the waiver of rights under ADEA set forth in this Agreement.

12. Opportunity For Review.

(A)     By signing this Settlement Agreement and General Release, Plaintiff acknowledged that he:

- has been advised and encouraged by the Defendants to consult with his own independent counsel before signing this Agreement;
- has received a copy of this Agreement in both English and Spanish;
- has had sufficient opportunity to consider this Agreement;
- has either (i) read this Agreement in Spanish or (ii) has had this Agreement read to him in Spanish;
- understands all the terms and conditions hereof;
- is not incompetent or had a guardian, conservator or trustee appointed for him;
- has entered into this Agreement of his own free will and volition;
- has duly executed and delivered this Agreement;
- understands that this Agreement supersedes and is meant to replace all other prior agreements between the Parties, whether verbally or in writing;
- understands that he is responsible for his own attorneys' fees and costs, including the cost of Mediation;
- has been encouraged to, and has had the opportunity to review this Agreement with counsel of his choice or has chosen voluntarily not to do so;
- understands that Plaintiff has been given twenty-one (21) days to review this Agreement before signing this Agreement and understands that he is free to use as much or as little of the 21-day period as he wishes or considers necessary before deciding to sign this Agreement; and
- understands that this Agreement is valid, binding and enforceable against the parties in accordance with its terms.

6

(B)     This Agreement shall be effective and enforceable on the eighth (8th) day after execution and delivery by each and all of the Plaintiffs to the attorneys for Defendants, Steven B. Horowitz, Esq., Horowitz Law Group, LLC, 49 Route 202, PO Box 13, Far Hills, New Jersey 07931, shorowitz@horowitzlawgroup.com (the "**Effective Date**").     This Agreement may be executed in counterparts, each of which shall be deemed an original.  Facsimile or PDF signatures shall also be deemed as originals.  The Parties understand and agree that Plaintiff may revoke this Agreement after having executed and delivered it to the attorneys for the Defendants by so advising the attorneys for the Defendants, Steven B. Horowitz, Esq., Horowitz Law Group, LLC, PO Box 13, Far Hills, New Jersey 07931, shorowitz@horowitzlawgroup.com  through their attorneys Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017 in writing no later than 11:59 p.m. on the seventh (7th) day after Plaintiff's execution and delivery of this Agreement to the attorneys for the Defendants.   If Plaintiff revokes this Agreement, it shall not be effective or enforceable and Plaintiff shall not be entitled to the payments set forth in Section 3 of this Agreement.

[signature page follows]

Agreed to and accepted on this __4ᵗʰ__ day of _August_, 2017:

**JUAN F. HERNANDEZ:**

_Juan Hdu._
Juan F. Hernandez

STATE OF NEW YORK  :
                                    ss:
COUNTY OF   NY      :

    I hereby certify on this __4ᵗʰ__ day of _August_, 2017, Juan F. Hernandez personally came before me and acknowledged under oath to my satisfaction that he is the individual named in this Agreement and that he personally signed this Release as his own free act and deed.

                            NOTARY PUBLIC

Agreed to and accepted on this ____ day of _____, 2017:

                             PETER H. COOPER
                      Notary Public, State of New York
                       No. 02CO5059941
                  Qualified in New York County
            Commission Expires MAY 6, 20_18_

**FRUITS, PROD. & GROC. CORP. dba**
   **ASSOCIATED SUPERMARKET:**

By: _Pablo Espinal_
Name: _PABLO ESPINAL_
Title: _PRESIdENT_

STATE OF NEW YORK  :
                                    ss:
COUNTY OF  BRONX   :

    I hereby certify on this __6ᵗʰ__ day of _September_, ~~2015~~, 2017 _PABLO ESPINAL_ personally came before me and acknowledged under oath to my satisfaction that they are the individual named in this Agreement and that they personally signed this Release as their own free act and deed.

                            NOTARY PUBLIC

8

                      ANDREW P SILVERMAN
              NOTARY PUBLIC-STATE OF NEW YORK
                  No. 01SI6289813
               Qualified in Nassau County
            My Commission Expires _09/30/2017_

Agreed to and accepted on this __17__ day of __August__, 2017.

**PABLO ESPINAL:**

_(signature)_
_____
Pablo Espinal


STATE OF NEW YORK   :
                                        ss:
COUNTY OF Bronx   :

    I hereby certify on this __17__ day of __August__, 2017, Pablo Espinal personally came before me and acknowledged under oath to my satisfaction that he is the individual named in this Agreement and that he personally signed this Release as his own free act and deed.

ROBERT KAUFMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KA7183001
Qualified in Nassau County
My Commission Expires 11/30/2018

_(signature)_
_____
NOTARY PUBLIC

Agreed to and accepted on this __17__ day of __August__, 2017.

**GLADYS M. ESPINAL:**

_(signature)_
_____
Gladys M. Espinal


STATE OF NEW YORK   :
                                        ss:
COUNTY OF Bronx   :

    I hereby certify on this __17__ day of __August__, 2017, Gladys M. Espinal personally came before me and acknowledged under oath to my satisfaction that she is the individual named in this Agreement and that she personally signed this Release as her own free act and deed.

ROBERT KAUFMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KA7183001
Qualified in Nassau County
My Commission Expires 11/30/2018

_(signature)_
_____
NOTARY PUBLIC

9