```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUAN F. HERNANDEZ, on behalf of himself and     :
other similarly situated employees,             :
                                                :
                        Plaintiff,              :      ORDER
                                                :
        - against -                             :      17-CV-120 (JLC)
                                                :
FRUITS, PROD. & GROC. CORP. d/b/a/,             :
ASSOCIATED SUPERMARKET, et al.,                 :
                                                :
                        Defendants.             :
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/8/2017

**JAMES L. COTT, United States Magistrate Judge.**

  Following a successful mediation of this wage-and-hour case conducted under the supervision of a court-appointed mediator as part of the Court Mediation Program (Dkt. No. 24), the parties have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 28) and have now submitted a letter (Dkt. No. 29) along with their proposed settlement agreement (Dkt. No. 29-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

  Having reviewed the letter seeking approval and the proposed settlement agreement, the Court finds that the proposed settlement (including the allocation of attorneys' fees and costs) appears to be fair and reasonable under the totality of the circumstances (and in light of the

factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 332, 335 (S.D.N.Y. 2012)).[1]

Accordingly, the settlement is hereby approved.

The Court has signed the Stipulation and Order of Dismissal and will file it separately on the docket.

**SO ORDERED.**

Dated: New York, New York
September 8, 2017

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court notes that the heading of paragraph 5 is "Non-Disparagement; Confidentiality." The Court will not approve any confidentiality provisions, *see, e.g., Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4, but there do not appear to be any in the Settlement Agreement so this paragraph appears simply to be mislabeled. In addition, the Court is only approving the Non-Disparagement provisions because they include a carve-out for truthful statements about plaintiff's experience litigating his case. *Howard v. Don Coleman Advert. Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695, at *2 (S.D.N.Y. Feb. 28, 2017).